UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NICOLE A. STEVENS, individually, | ) |
| *Plaintiff*, | ) |
| v. | ) CASE NO.: |
| HUMANA INC., a Delaware Corporation | ) **COMPLAINT AND DEMAND FOR** |
| *Defendants*, | ) **JURY TRIAL** |

# COMPLAINT

COMES NOW, Plaintiff, NICOLE A. STEVENS, by and through their undersigned counsel, brings this action against Defendant, HUMANA INSURANCE, on the basis of workplace discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA"). In support thereof, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff, NICOLE A. STEVENS ("Plaintiff"), at all times material, is an individual above the age of eighteen (18), a resident of Hillsborough County, Florida, and is otherwise *sui juris*.

2. Defendant HUMANA INC. ("Defendant"), at all times material, conducted business within the State of Florida, and within Hillsborough County, Florida. Defendant maintains its principal place of business in the State of Kentucky and is incorporated in the State of Deleware.

## JURISDICTION & VENUE

3. This action arises out of Title VII such that this court has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over the Parties because Plaintiff is domiciled in the State of Florida, and Defendant has availed itself to the laws of this State by its minimum contacts herewith.

## ADMINISTRATIVE REMEDIES EXHAUSTED

5. All conditions precedent to bringing this action have occurred, and Plaintiff has exhausted all available administrative remedies.

6. Plaintiff filed a Charge of Discrimination (**Exhibit "A"**) with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last commission of the adverse employment practices as alleged herein.

7. Plaintiff received a Notice of Right to Sue from the EEOC and this action is being filed within ninety (90) days of Plaintiff's receipt of the Notice.

## GENERAL ALLEGATIONS

8. Plaintiff at all times material hereto was an "employee" for Defendant as that term is defined by Title VII and the FCRA.

9. Defendant has had at least fifteen (15) employees for each working day in at least twenty (20) calendar weeks at all times material hereto.

10. At all times material hereto, Defendant was an employer as that term is defined within Title VII and FCRA.

11. Plaintiff is a black, African American female.

12. Plaintiff was hired by Defendant in September 2008 to perform job duties.

13. As a black, African American woman employee working for Defendant, Plaintiff did not receive the same type of benefits non-black employees received.

14. For example, although Plaintiff had been working for Defendant for more than 10 years, Plaintiff's complaints of workplace violence against her were not handled in the same ways as those that were made by non-black employees.

15. Additionally, when Plaintiff was approved for FMLA, Defendant put her under extra scrutiny and adversely altered the conditions of her employment, including pressuring Plaintiff to work over her lunch breaks.

16. Plaintiff did not receive the same benefits of employment or receive the same employment benefits and conditions as Defendant's non-black employees due to Plaintiff's race.

17. Defendants did not enforce its zero-tolerance policy against workplace violence and discrimination in the same way they did for non-black employees, due to Plaintiff's race.

18. Plaintiff reported the discrimination and violence to Defendant, but Defendant failed to cure the unfair treatment and further exacerbated the hostile work environment by retaliating against Plaintiff due to her race.

19. Plaintiff was forced to choose between submitting to the adverse employment benefits and conditions, or constructively terminate her employment.

20. As a result of the unbearable working conditions at Defendant, and the historical lack of action from Defendant due to Plaintiff's race during her twelve (12) years with Defendant, Plaintiff submitted constructive discharge shortly after her last complaint was submitted to Defendant.

21. Plaintiff's constructive termination was a direct and proximate result of Humana and/or its employees' retaliation, harassment, and discrimination based on her race.

22. Non-black employees were treated favorably and were not subject to the same adverse employment actions as was Plaintiff.

23. As a result of Defendant's unlawful conduct, Plaintiff has been compelled to retain the undersigned counsel and has incurred fees and costs.

## COUNT I

### DISCRIMINATION BASED ON RACE
### IN VIOLATION OF TITLE VII

24. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-23 above as though fully set forth herein, and so further states:

25. Title VII prohibits an employer from making employment decisions, and from taking any personnel action, affecting the terms, conditions, or privileges of one's employment, based upon race and/or color classifications considerations or the bases of race and/or color.

26. Defendant's employment decisions for Plaintiff constituted adverse employment actions due to Defendant's discriminatory practice of restricting Plaintiff's benefits due to her race and/or color, while other employees—those who were not in Plaintiff's protected class— were afforded better benefits and conditions of employment and their continued employment did not depend on their submission to discrimination and/or harassment.

27. Defendant treated non-black employees more favorably than Plaintiff, in that those employees received more attention when applying policies, investigating complaints, and when they were approved for FMLA benefits.

28. Plaintiff's workplace benefits and conditions were motivated by Plaintiff's race and/or color, and/or based on factors relating to Plaintiff's race and/or color, in that those similarly situated employees outside of Plaintiff's protected class were not subject to the same unlawful actions.

29. Defendant deliberately and intentionally discriminated against Plaintiff as to the terms or conditions of their employment because of Plaintiff's race and/or color.

30. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue suffering damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress, humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

31. Plaintiff seeks relief as stated in the below Prayer for Relief.

## COUNT II

### DISCRIMINATION BASED ON RACE
### IN VIOLAITON OF THE F.C.R.A.

32. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-23 above as though fully set forth herein, and so further states:

33. The FCRA prohibits an employer from making employment decisions, and from taking any personnel action, affecting the terms, conditions, or privileges of one's employment, based upon race and/or color classifications considerations or the bases of race and/or color.

34. Defendant's employment decisions for Plaintiff constituted adverse employment actions due to Defendant's discriminatory practice of restricting Plaintiff's benefits due to her race and/or color, while other employees—those who were not in Plaintiff's protected class—were afforded better benefits and conditions of employment and their continued employment did not depend on their submission to discrimination and/or harassment.

35. Defendant treated non-black employees more favorably than Plaintiff, in that those employees received more attention when applying policies, investigating complaints, and when they were approved for FMLA benefits.

36. Plaintiff's workplace benefits and conditions were motivated by Plaintiff's race and/or color, and/or based on factors relating to Plaintiff's race and/or color, in that those

similarly situated employees outside of Plaintiff's protected class were not subject to the same unlawful actions.

37. Defendant deliberately and intentionally discriminated against Plaintiff as to the terms or conditions of their employment because of Plaintiff's race and/or color.

38. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue suffering damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress, humiliation, loss of enjoyment of life, embarrassment, and inconvenience.

39. Plaintiff seeks relief as stated in the below Prayer for Relief.

## **COUNT III**

### **RETALIATION
IN VIOLATION OF TILE VII**

40. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-23 above as though fully set forth herein, and so further states:

41. Title VII prohibits an employer from making employment decisions, and from taking any personnel action, affecting the terms, conditions, or privileges of one's employment, based upon race and/or color classifications considerations or the bases of race and/or color.

42. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful practice, suffices to show that the employee engaged in a protected activity for purposes of a Title VII retaliation claim. *See*, *e.g.*, 41 U.S.C.A. § 2000e-5.

43. An employee's opposition to an employer's discriminatory practices will support a claim for retaliation under Title VII. *See*, *e.g.*, *id.*

44. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards her.

45. In response to Plaintiff exercising her protected activity, Plaintiff was forced to choose between submitting to the unlawful conduct or terminating employment with Defendant.

46. Defendant did not give other non-black employees who reported unlawful conduct the same ultimatum.

47. As a result of Plaintiff rejecting the unlawful treatment, Plaintiff was forced to constructively terminate employment for Defendant.

48. Defendant treated other employees who did not complain about Defendant's discriminatory practices more favorably than Plaintiff.

49. Defendant deliberately and intentionally retaliated against Plaintiff as to the terms or conditions of Plaintiff's employment, due to Plaintiff engaging in protected activity under Title VII.

50. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present wages, loss of self-esteem, emotional harm, psychological distress, humiliation, loss of enjoyment of life, loss of benefits of employment, embarrassment, and inconvenience.

51. Plaintiff request relief as started below in Plaintiff's Prayer for Relief.

## COUNT IV

### RETALIATION
### IN VIOLAITON OF THE F.C.R.A.

52. Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1-23 above as though fully set forth herein, and so further states:

53. The FCRA prohibits an employer from making employment decisions, and from taking any personnel action, affecting the terms, conditions, or privileges of one's employment, based upon race and/or color classifications considerations or the bases of race and/or color.

54. An employee's opposition to an employer's practice, based on the employee's reasonable belief that the employer has engaged in an unlawful practice, suffices to show that the employee engaged in a protected activity for purposes of an FCRA retaliation claim.

55. An employee's opposition to an employer's discriminatory practices will support a claim for retaliation under the FCRA.

56. Plaintiff complained to Defendant about its unlawful and discriminatory treatment towards her.

57. In response to Plaintiff exercising her protected activity, Plaintiff was forced to choose between submitting to the unlawful conduct or terminating employment with Defendant.

58. Defendant did not give other non-black employees who reported unlawful conduct the same ultimatum.

59. As a result of Plaintiff rejecting the unlawful treatment, Plaintiff was forced to constructively terminate employment for Defendant.

60. Defendant treated other employees who did not complain about Defendant's discriminatory practices more favorably than Plaintiff.

61. Defendant deliberately and intentionally retaliated against Plaintiff as to the terms or conditions of Plaintiff's employment, due to Plaintiff engaging in protected activity under the FCRA.

62. As a direct and proximate result of the wrongful acts of the Defendant, Plaintiff has suffered damages and will continue to suffer damages from the loss of past and present

wages, loss of self-esteem, emotional harm, psychological distress, humiliation, loss of enjoyment of life, loss of benefits of employment, embarrassment, and inconvenience.

63. Plaintiff request relief as started below in Plaintiff's Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, NICOLE A. STEVENS, by and through their undersigned counsel, hereby respectfully requests that this Honorable Court enter judgment against Defendant and award Plaintiff damages for the following:

A. Loss of wages and benefits, including back pay and front pay, humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort,

B. Compensatory damages;

C. Punitive or exemplary damages, per Title VII and FCRA;

D. Non-economic damages for emotional distress and pain and suffering;

E. Pre- and post-judgment interest on lost wages;

F. Attorneys' fees and cost of litigation;

G. Such other relief as this Court deems just and proper.

## JURY DEMAND

**WHEREFORE**, Plaintiff, NICOLE A. STEVENS, by and through their undersigned counsel, hereby respectfully requests a trial by jury on all issues so triable.

DATED: 9/13/2022                              Respectfully submitted,

**THE COCHRAN FIRM ORLANDO, LLC**

*/s/ Michael G. Mann, Esq.*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
605 East Robinson Street, Suite 140
Orlando, Florida 32801

Telephone: (407) 271-8590  
Facsimile: (407) 271-8059  
MMann@cochranfirmorlando.com  
MPolicard@cochranfirmorlando.com  
***Attorney & Trial Counsel for Plaintiff(s).***